UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARQUIS MCGEE, | ) | |
| *Plaintiff,* | ) | CIVIL ACTION |
| v. | ) | CASE NO.: _____ |
| GREGORY MCLEOD, | ) | |
| *Defendant.* | ) | Related Case No.: 1:17-CR-367-SCJ-JFK |

# COMPLAINT

1. This is a civil rights action arising out of the unnecessary and unlawful strip search, assault, and solitary confinement of Plaintiff Marquis McGee by Defendant Gregory McLeod while Mr. McGee was a prisoner at the United States Penitentiary in Atlanta, Georgia.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over the subject matter of Plaintiff's Eighth Amendment claims arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

4. Plaintiff Marquis McGee is an adult resident of Tennessee. At all times relevant to this Complaint, Plaintiff was incarcerated in the U.S. Penitentiary in Atlanta under the care and custody of the U.S. Bureau of Prisons. He was released from confinement in 2017. Because McGee is not in custody, the provisions of the Prison Litigation Reform Act do not apply to the claims in this Complaint. 42 U.S.C. § 1997e(a).

5. Defendant Gregory McLeod was at all times relevant to this Complaint a correctional officer with the rank of Lieutenant with the U.S. Penitentiary in Atlanta. At all times relevant to this Complaint, Defendant McLeod acted under color of federal law. He is sued in his individual capacity.

## FACTUAL ALLEGATIONS

6. On or about March 13, 2016, McGee was imprisoned in the U.S. Penitentiary in Atlanta ("USP-Atlanta") and Defendant was a Lieutenant employed by the Bureau of Prisons at USP-Atlanta.

7. Following a disturbance caused by other inmates, Defendant searched McGee's cell and inspected him to determine whether he had been involved. When McGee informed Defendant he was not, Defendant singled him out for a strip search. Defendant ordered McGee into the lieutenant's office and forced him to strip naked for a visual search.

8. Defendant forced McGee to stand completely naked in his office for several minutes. It occurred as both male and female officers were walking by the lieutenant's office.

9. Defendant intentionally humiliated McGee by ordering other correctional officers into the office to view him naked for an unnecessarily prolonged period of time.

10. When McGee objected, Defendant punched him in the face without justification.

11. Defendant and other officers tackled McGee to the ground.

12. Defendant then wrote a false incident report in an attempt to cover up his illegal actions.[1]

13. As a result, McGee suffered serious physical injuries to his face and severe trauma brought on by the attack.

14. McGee is receiving ongoing treatment for post-traumatic stress disorder caused by Defendant's attack, as well as the subsequent weeks of solitary confinement to which he was subjected as a result Defendant's illegal and false report.

---

[1] *See United States v. McLeod*, No. 1:17-cr-367-SCJ-, Indictment Dkt. 1 (N.D. Ga. filed Oct. 24, 2017). *See also* USDOJ Press Release No. 17-1328 *Former Federal Penitentiary Lieutenant Pleads Guilty to Abusing Inmate and Attempting to Cover It Up*, U.S. Department of Justice – Office of Public Affairs (Nov. 22, 2017) *available at* https://www.justice.gov/opa/pr/former-federal-penitentiary-lieutenant-pleads-guilty-abusing-inmate-and-attempting-cover-it (last visited Mar. 12, 2018).

15. When USP-Atlanta staff reported Defendant's abuse against McGee, he presented his falsified report to federal investigators in an effort to avoid accountability.

16. Defendant pleaded guilty to unlawfully assaulting McGee on November 22, 2017, and admitted he intentionally obstructed a federal investigation into the matter by writing a false incident report.

### CLAIMS FOR RELIEF
### COUNT I
EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT

17. Paragraphs 1 through 15 are reincorporated as though fully set forth herein.

18. Defendant McLeod intentionally used force against McGee by punching him in the face.

19. The force Defendant McLeod used caused McGee serious bodily injury, including, but not limited to, bruises, swelling and contusions to his face.

20. The force Defendant McLeod used was objectively unreasonable under the totality of the circumstances.

21. As such, Defendant McLeod's use of force violated Plaintiff's clearly established right to be free from cruel and unusual punishment, including excessive force, guaranteed by the Eighth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment. *See Harris v. Chapman*, 97 F.3d 499, 505-06 (11th Cir. 1996); *Davis v. Locke*, 936 F.2d 1208, 1212-13 (11th Cir. 1991); *Perry v. Thompson*, 786 F.3d 1093 (11th Cir. 1986).

22. Defendant McLeod's actions were willful, wanton, malicious, and displayed a gross disregard for McGee's clearly constitutional rights.

23. As a direct and proximate result of Defendant McLeod's use of excessive force, McGee suffered damages, including, but not limited to, severe physical pain, injury, and suffering, humiliation, emotional distress, loss of enjoyment, and monetary damages in the form of past and future medical expenses.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully seeks the following relief:

A. Enter a declaratory judgment that Defendant violated Plaintiff's clearly established rights under the United States Constitution;

B. Award Plaintiff nominal damages in the amount of $1;

C. Award Plaintiff compensatory damages in an amount to be determined at trial;

D. Award Plaintiff punitive damages in an amount to be determined at trial;

E. Award Plaintiff pre-judgment and post-judgment interested as allowed by law;

F. Award Plaintiff reasonable costs, expenses and attorneys' fees to the full extent allowed by law; and

G. Grant such further relief as this Court deems just and appropriate.

//

- 6 -

Date:  March 12, 2018                                   Respectfully submitted,

**S/ G. BRIAN SPEARS**
**Brian Spears,  Ga. Bar No. 670112**
G. Brian Spears, P.C.
1126 Ponce De Leon Ave. NE Atlanta, Georgia 30306
(404) 872-7086 (tel)
(404) 892-1128 (fax)
bspears@brianspearslaw.com

_____
**R. ANDREW FREE**
**TN BPRN 030513\***
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
(844) 321-3221x1 (tel)
(615) 829-8959 (fax)
Andrew@ImmigrantCivilRights.com
*\*Application for Admission Pro Hac Vice Forthcoming*